UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANTE PATTISON,<br>Plaintiff,<br>v.<br>MEGAN SULLIVAN, et al.,<br>Defendants. | Case No. 3:25-cv-00606-ART-CSD<br><br>ORDER SCREENING COMPLAINT AND DISMISSING DUPLICATIVE CASE |

Plaintiff Dante Pattison, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil-rights complaint under 42 U.S.C. § 1983. (ECF No. 1-1). Pattison has not paid the $405 filing fee or applied for *in forma pauperis* status. (*See* ECF No. 1). For the reasons discussed below, the Court screens Pattison's complaint under 28 U.S.C. § 1915A and dismisses this action without prejudice as duplicative of his earlier lawsuits.

## I. SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). Pro se pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious[,]" "fails to state a claim on which relief may be granted[,]" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995), *superseded on other grounds by* 28 U.S.C. § 1915(e).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if the plaintiff clearly cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed sua sponte if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist, as well as claims based on fanciful factual allegations, like fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989), *superseded on other grounds by* 28 U.S.C. § 1915(e).; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF COMPLAINT

### A. Some of Pattison's other lawsuits

Pattison alleges that some of his claims in *Pattison v. Sandoval*, Case No. 3:20-cv-00287-MMD-CSD (D. Nev.) ("*Pattison 1*") were dismissed without prejudice to his ability to pursue them in a different lawsuit. (ECF No. 1-1 at 7). He filed those claims "within the applicable statute of limitations" in *Pattison v. Lombardo*, Case No. 3:22-cv-00537-ART-CSD (D. Nev.) ("*Pattison 2*"). (*Id.*) He sought appellate review in *Pattison 2* but the Ninth Circuit "denied relief," so he "amended his complaint in compliance with the District Court's previous order and submits only one claim separated into 6 counts against 30 defendants. (*Id.*)

*Pattison 2* was dismissed without prejudice in January 2024 after Pattison failed to file an amended complaint in compliance with the Court's four orders. *Pattison 2*, ECF No. 46. Pattison appealed, and the Ninth Circuit summarily affirmed the dismissal. *Id.* at ECF 59. On September 5, 2025, the Court denied Pattison's motions to reopen *Pattison 2*, and instructed him to file a complaint in a new case if he wanted to pursue his claims. *Id.* at ECF 62.

On September 11, 2025, Pattison initiated *Pattison v. Lombardo*, 3:25-cv-00502-ART-CSD (D. Nev.) ("*Pattison 4*"), by filing a complaint that includes, among other things, claims alleging that prison staff retaliated against him for his dental-needs complaints and wrongfully rejected his grievances about his serious dental needs being ignored and their retaliation from June 2019 to June 2022. *Pattison 4*, ECF No. 1-1. Pattison was granted leave to file an amended complaint. *Id.* at ECF 10. He responded by filing a motion stating that he intends to pursue Claim 4 in his lawsuit styled *Pattison v. NDOC/AGO RICO Enterprise*, 3:25-cv-00002-MMD-CLB (D. Nev.) ("*Pattison 3*"), and will dismiss *Pattison 4* once his interlocutory appeal in *Pattison 3* is complete. *Id.* at ECF 11.

On October 20, 2025, Pattison initiated *Pattison v. Sullivan*, Case No. 3:25-cv-00595-ART-CLB (D. Nev.) ("*Pattison 5*") by submitting an application to proceed *in forma pauperis* and nearly 100 pages of exhibits to a "civil rights complaint." *Pattison 5*, ECF Nos. 1, 1-1. Pattison's operative complaint in that action is docketed as an "amended complaint." *Id.* at ECF Nos. 3 (order to file a signed complaint), 7 (complaint). In that pleading, Pattison brings claims alleging that prison staff retaliated against him for his dental-needs complaints and wrongfully rejected his grievances about his serious dental needs being ignored and their retaliation from June 2019 to June 2022. *Id.* at ECF No. 7.

**B. Factual allegations**

Pattison initiated this action on October 24, 2025, by submitting only a civil-rights complaint. (ECF Nos. 1, 1-1). The complaint's events happened while

Pattison was incarcerated at Northern Nevada Correctional Center ("NNCC"). (ECF No. 1-1 at 1).

On June 19, 2019, Pattison submitted 7 or more dental kites as exhibits supporting his grievance #2006-30-85348 regarding deliberate medical indifference to his serious dental needs. (ECF No. 1-1 at 9). On July 2, Megan Sullivan denied Pattison's grievance. (*Id.*) On July 22, Veronica Meza returned the grievance and all attachments. (*Id.*) Pattison immediately drafted and submitted his first-level appeal. (*Id.*) Around July 26, Sullivan, Agle, and/or Meza detached a "continuing" page from Pattison's first-level appeal "as retaliatory harassment" for filing the grievance in the first place and returned it to him via the prison's internal mail system. (*Id.*)

On July 26, Agle sent Pattison an improper-grievance memo, stating that he failed to attach the underlying informal grievance. (*Id.* at 11). This statement was "fabricated." (*Id.*) On August 6, Lisa Walsh rejected Pattison's first-level grievance. (*Id.*)

On August 7, Pattison resubmitted his first-level grievance. (*Id.* at 13). Agle rejected this grievance on August 13 on grounds that Pattison failed to date it. (*Id.* at 15). Pattison was told not to resubmit his grievance. (*Id.*) These same defendants similarly rejected a grievance filed by inmate Caballeros between May and September 2018. (*Id.* at 17). This also happened to inmate Ross between April and May 2017. (*Id.*) All three inmates had meritorious § 1983 lawsuits about indifference to serious dental needs pending when their grievances were rejected. (*Id.* at 19).

On March 9, 2022, Sullivan responded to interrogatories in *Pattison 1* stating she did not recall being aware of any grievance alleging that dental kites or other evidence were confiscated. (*Id.* at 21). Deputy Attorney General John C. Dorame signed the document under Federal Rule of Civil Procedure 11. (*Id.* at 23). Dorame "deliberately fabricated" Sullivan's response. (*Id.*)

On August 23, 2019, Pattison filed informal grievance #2006-30-88540 complaining that the handling of grievance #2006-30-85348 was retaliation. (*Id.* at 25). Agle "concealed her identity by signing J. Huges" on the grievance-coordinator line. (*Id.*) On August 29, Agle and Walsh "misdirected" Pattison's informal grievance to Shelly Conlin and Ron Hannah. (*Id.* at 27). On December 19, Agle, Walsh, Thompson, and Hughes "misdirected" Pattison's first-level grievance to NNCC Medical DON I Danielle Richard. (*Id.*) On February 14, 2020, Pattison filed a first-level "retaliation" grievance that was assigned to N. Hughes. (*Id.*) Discovery obtained in *Pattison 1* shows internal confusion about the location of the originals of Pattison's informal and first-level grievance #2006-30-88540. (*Id.* at 27–28). Yet the grievances were rejected on grounds that Pattison changed his claim from one level to the next and added new issues. (*Id.* at 28).

On December 16, 2020, Thompson, Keast, and Minev threatened to confiscate Pattison's future retaliation grievance filings. (*Id.*) They construed Pattison's grievance as pertaining to his dental needs and said those needs were addressed according to his file. (*Id.* at 29).

Nevada Board of Prison Commissioners failed to adequately discharge their duty under Nevada law to supervise the NDOC's Director, and that failure is the "moving force" behind Pattison's constitutional injuries. (*Id.* at 31–34). Pattison complained of these injuries in *Pattison 3*. (*Id.* at 34).

**C. Analysis of claims**

Based on these allegations, Pattison sues 30 defendants, he brings six claims and seeks declaratory, monetary, and injunctive relief. (*See generally* ECF No. 1-1). The complaint articulates that it brings claims under the First and Fourteenth Amendments about retaliation and violations of substantive due process in the grievance process. The Court does not determine if Pattison's allegations state a colorable claim under any theory of liability because, even if they do, they are duplicative of claims and factual allegations that Pattison is

pursuing in his earlier lawsuits. As the complaint's allegations hint, and as outlined above, this action is the sixth of at least six lawsuits that Pattison filed arising from how prison officials handled his grievance #2006-30-88540 and #2006-30-85348 by allegedly retaliating for him filing kites, grievances, and lawsuits about his dental needs and being retaliated against, and by committing due-process violations during the prison grievance process.

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dept. of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008), (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)); *see also Smith v. Lemon*, 442 F.2d 1195 (9th Cir. 1971) (affirming dismissal on res judicata grounds of third complaint by prisoner about personal injury sustained working in prison textile mill after original lawsuit was dismissed with prejudice). District courts have "discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 487 F.3d at 688. In determining whether litigation is duplicative, courts generally "examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.* at 689. Additionally, duplicative litigation by a plaintiff proceeding *in forma pauperis* may be dismissed as malicious under 28 U.S.C. § 1915(e) and constitute a strike under the PLRA. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (collecting cases).

The parties, causes of action, and relief sought in this lawsuit are the same that Pattison is pursuing in his earlier *Pattison 3*, *Pattison 4*, and *Pattison 5* lawsuits. Pattison's complaint in this action is substantially identical to his operative complaint in *Pattison 5*, and his claims and allegations in this action can also be found in his operative complaints in *Pattison 3* and *Pattison* 4.

Considering the foregoing, in light of this Court's heavy docket, and to avoid the confusion and needless duplication of effort that often arises from redundant lawsuits, the Court finds that dismissal is the proper remedy. If Pattison wishes to pursue claims on these recycled facts, he must do so in his earlier filed lawsuits. And Pattison is cautioned that future duplicative lawsuits might be dismissed as frivolous and count as a strike under the PLRA.

**III. CONCLUSION**

It is therefore ordered that Plaintiff Dante Pattison's complaint (ECF No. 1-1) is dismissed without prejudice as duplicative of his earlier actions that are styled as *Pattison v. NDOC/AGO RICO Enterprise*, 3:25-cv-00002-MMD-CLB (D. Nev.); *Pattison v. Lombardo*, 3:25-cv-00502-ART-CSD (D. Nev.); and *Pattison v. Sullivan*, Case No. 3:25-cv-00595-ART-CLB (D. Nev.).

The Court kindly directs the Clerk of Court to enter judgment accordingly and close this case.

DATED: September 11, 2026

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE